**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MILES BONTY, | CASE NO. CV-F-04-5511 REC DLB P |
| Plaintiff, | FINDINGS AND RECOMMENDATION RE DEFENDANTS MOTION TO DISMISS |
| vs. | |
| R. INDERMILL, et al., | [Doc.#48] |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. Plaintiff filed this action on March 31, 2004. Service was ordered and on December 14, 2004, defendants filed a motion to dismiss the complaint for failure to exhaust administrative remedies. On December 23, 2004, plaintiff filed a motion to postpone consideration of defendants' motion to dismiss and a motion to conduct discovery. On January 18, 2005, plaintiff filed a motion for leave to file an amended complaint, which defendants initially opposed. *See* Document No. 41 filed February 3, 2005. Plaintiff lodged a proposed amended complaint on February 18, 2005. On April 12, 2005, defendants filed a notice of withdrawal of their motion to dismiss filed December 14, 2004 and a request that the Court screen the amended complaint. Defendants also filed a motion to dismiss the amended complaint which the Court now recommends be denied in part and granted in part.

**MOTION TO DISMISS STANDARD**

In considering a motion to dismiss for failure to state a claim, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869 (1969). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)(citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).

**DISCUSSION**

Plaintiff names the following defendants in the amended complaint: Chaplain R. Indermill; Correctional Supervising Cook W. Jones; Acting Correctional Service Manager Dean Thompson; Associate Warden D.D. Shappard-Brooks; Chief Deputy Warden V. Yamamoto; Warden A.K. Scribner; Chief of Inmate Appeals N. Grannis; Facility Captain J.Arceo; and Jeanne Woodford, Director of the California Department of Corrections and Does 1 though 4. Plaintiff is confined at California State Prison, Corcoran. Plaintiff states that he is not a member of any established religious organization, but rather, "derives the tenents of his religious faith and convictions, as well as his dietary requirements, from his desire to adhere to Biblical Scriptures accordingly to his personal interpretation and understanding." Amended Complaint at p.3. Plaintiff asserts that based on his personal religious convictions, in 1998, he decided to abstain from eating meat or meat products. He states that he has struggled with the Department of Corrections over their refusal to accommodate his religious dietary requirements.

Plaintiff alleges that on July 2, 2003, he submitted an Inmate Request for Interview form to defendant Indermill, requesting an opportunity to explain his request for a "no meat" diet. Defendant Jones responded to plaintiff's grievance by citing to California Code of Regulation, Title 15, Section 3054 and recommending that plaintiff seek approval of his diet from the Muslim chaplain. Plaintiff

states that defendant Indermill conducted an interview on August 20, 2003 and advised plaintiff that although he did not question plaintiff's sincerity, he could not recommend a vegetarian diet because the regulations required religious dietary requirements to be verified by an outside religious organization.

Plaintiff alleges that on October 1, 2003, defendants Thompson and Shappard denied his appeal for reasonable accommodation of his religious dietary requirements, relying on Section 3054. On October 23, 2003, defendant Yamamoto denied plaintiff's second level appeal, also relying on Section 3054. Plaintiff claims that defendants Grannis and Arceo denied his appeal at the third level. Plaintiff claims that defendants' application of California Code of Regulation, Title 15, Section 3054 et.seq. to deny his request for a special diet based on his religious beliefs, violates the First Amendment's Free Exercise and Establishment Clauses, the Fourteenth Amendment's Due Process and Equal Protection Clauses and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc. It appears that plaintiff is challenging the constitutionality of section 3054 as well as defendants' application of section 3054 to deny his dietary requests.

Defendants argue that plaintiff has failed to state a claim against Jones, Sheppard, Scribner, Yamamoto, Grannis, Arceo, Thompson and Indermill because their actions were not the proximate cause of any claimed violation of plaintiff's federal rights. These defendants argue that in challenging the Department of Corrections' regulation which requires verification of the need for a special religious diet by reference to an outside religious organization, the only proper defendant is the Director of the Department of Corrections. Defendants argue that they are not responsible for the enactment of the regulation and have no authority to deviate from the regulations.

In response, plaintiff points out that he is not only challenging the regulation itself but also defendants' application of the regulation to his situation.

**DISCUSSION**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

Defendants argue that plaintiff has failed to state a claim against them because he is challenging a regulation over which they have no authority. Defendants argument is rejected because plaintiff's complaint does not simply challenge the regulation. Plaintiff also challenges defendants' actions in refusing to grant his dietary request. The complaint can fairly be read to include a claim that defendants' had the ability to grant his request despite the regulation, but failed to do so in violation of his constitutional rights. Viewing the complaint in the light most favorable to plaintiff, these allegations describe specific conduct on the part of the named defendants sufficient to survive a motion to dismiss. It may be that defendants have a defense to their conduct, namely reliance on the regulation, however, this argument is misplaced in the context of a motion to dismiss. Defendants bear the burden on these issues and cannot meet their burden by mere unsupported argument, as an analysis of the issues requires the consideration of evidence.

However, plaintiff has failed to allege specific facts which would give rise to liability against defendant Scribner. Plaintiff has named him as a defendant based on his position as Warden of Corcoran State Prison but plaintiff has alleged no specific conduct on his part relating to the violation of his constitutional rights. Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under

section 1983 based on a theory of supervisory liability, plaintiff must allege some facts that would support a claim that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" <u>Hansen v. Black</u>, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989).  Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983.  <u>See Leatherman v. Tarrant County Narcotics Unit</u>, 507 U.S. 163, 168 (1993).

Plaintiff has not alleged any facts indicating that defendant Scribner personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" <u>Hansen v. Black</u> at 646. Plainitff has therefore failed to state a claim against defendant Scribner and the motion to dismiss as to this defendant should be granted.

## CONCLUSION

Based on the foregoing, the Court HEREBY RECOMMENDS that defendants' motion to dismiss be GRANTED as to defendant Scribner and DENIED as to the remaining defendants.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within twenty (20) days after being served with these findings and recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   October 27, 2005              /s/ Dennis L. Beck
3b142a                                 UNITED STATES MAGISTRATE JUDGE