1

2

3

4

5

6

7

8            **IN THE UNITED STATES DISTRICT COURT**

9           **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   MILES BONTY,                                CASE NO. CV-F-04-5511 LJO DLB P

12                  Plaintiff,                   ORDER RE DEFENDANT'S
                                                 CLARIFICATION OF OBJECTION TO
13                                               PLAINTIFF'S REQUEST FOR
                                                 DOCUMENTS
14

15

16          vs.

17   R. INDERMILL, et al.,

18                  Defendants.
                                            /
19

20          Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under

21   42 U.S.C. § 1983.  In this action plaintiff alleges that his constitutional rights are being violated because

22   defendants have denied him a vegetarian diet in compliance with his spiritual beliefs.

23          On August 30, 2006, plaintiff filed a motion to compel discovery.  After being ordered to do so,

24   defendants filed an opposition to the motion on March 16, 2007.  On March 28, 2007, the Court granted

25   plaintiff's motion to compel in part and as to plaintiff's request for production of documents No. 5

26   ordered: "Plaintiff is granted leave to serve an amended request seeking the actual complaints from 3C-

27   Facility inmates concerning requests for accommodation of religious diets.  Defendants may redact

28   personal information from any documents produced."

1

1    Defendants have filed an objection to the Court's order wherein they clarify their objection to

2 Request Number 5.  Defendants explain that their objection to the request was not that the appeals

3 themselves would not be admissible but that plaintiff's reason for seeking the information is not

4 admissible.  Plaintiff argues that he should be given access to information about other inmate appeals

5 because he believes defendants routinely deny requests for religious diets.  Defendants argue this fact

6 is not admissible and therefore his discovery request for access to other appeals is unnecessary.

7 Defendants also represent that the inmate appeals are not kept by subject and the only way to identify

8 appeals seeking religious diets is by hand searching all the records in the Inmate Appeals Office.  As a

9 compromise, defendants offer to answer limited additional interrogatories about their personal practices

10 in granting and denying requests for special diets.

11    Appeals filed by other inmates against defendants for denying requests for religious diets are

12 relevant to plaintiff's claims in this case.  Based on this Court's experience, appeals against particular

13 employees are kept in some manner and/or location specifically referencing that employee such that they

14 can be located by the Attorney Generals office and produced during discovery.

15    Assuming that defendants can locate documents that meet plaintiff's request, the documents must

16 be relevant to the subject matter in the pending action.  Thus, grievances, complaints, etc. filed against

17 the defendants in this action that are factually similar to plaintiff's allegations in the instant action must

18 be produced.  The events giving rise to the claims against the defendants in this action occurred in July

19 2003.  Accordingly, grievances filed against the named defendants between July 2002 and December

20 2003 relating to the denial of religious diets should be produced to plaintiff if any can be located.

21 Defendants shall provide plaintiff with the relevant documents as described in this Order within thirty

22 days.

23    IT IS SO ORDERED.

24    **Dated:    October 4, 2007**              **/s/ Dennis L. Beck**
                                                   UNITED STATES MAGISTRATE JUDGE

25

26

27

28

2