# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILES O. BONTY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>R. INDERMILL, et al.,<br><br>　　　　　Defendants.<br>_____ / | CASE NO. 1:04-cv-05511-LJO-DLB PC<br>**SECOND SCHEDULING ORDER**<br><br>**ORDER REQUIRING PARTIES TO NOTIFY COURT WHETHER THEY CONSENT TO MAGISTRATE JUDGE JURISDICTION WITHIN THIRTY DAYS**<br><br>**ORDER DIRECTING CLERK'S OFFICE TO SEND LOCAL RULE 16-281 TO PLAINTIFF AND CONSENT FORMS TO PARTIES**<br><br><u>Telephonic Trial Confirmation</u><br><u>Hearing</u>:　　August 29, 2008, at 11:00 a.m. in Courtroom 9 (DLB)<br><br><u>Jury Trial</u>:　　September 29, 2008, at 9:00 a.m. in Courtroom 4 (LJO) |

　　　Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. §1983. This action is proceeding on plaintiff's amended complaint, filed April 18, 2004, against defendants R. INDERMILL, W. JONES, DEAN THOMPSON, D.D. SHAPPARD, V. YAMAMOTO, N. GRANNIS and J. ARCEO.   On January 27, 2006, this court granted defendants' motion to dismiss as to defendant Scribner, and denied the motion as to the remaining defendants. Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, the court will, by this order, set a further schedule for this litigation.

///

1    The parties are required to file pre-trial statements in accordance with the schedule set forth
2 herein.  In addition to the matters already required to be addressed in the pre-trial statement in
3 accordance with Local Rule 16-281, plaintiff will be required to make a particularized showing in
4 order to obtain the attendance of witnesses.  The procedures and requirements for making such a
5 showing are outlined in detail below.  Plaintiff is advised that failure to comply with the procedures
6 set forth below may result in the preclusion of any and all witnesses named in his pre-trial statement.
7    At the trial of this case, plaintiff must be prepared to introduce evidence to prove each of the
8 alleged facts that support the claims raised in the lawsuit.  In general, there are two kinds of trial
9 evidence:  (1) exhibits and (2) the testimony of witnesses.  It is plaintiff's responsibility to produce
10 all of the evidence to prove his case, whether that evidence is in the form of exhibits or witness
11 testimony.  If plaintiff wants to call witnesses to testify, he must follow certain procedures to ensure
12 that the witnesses will be at the trial and available to testify.
13    1.    Procedures for Obtaining Attendance of Incarcerated Witnesses Who Agree to Testify
14 Voluntarily - An incarcerated witness who agrees voluntarily to attend trial to give testimony cannot
15 come to court unless this court orders the warden or other custodian to permit the witness to be
16 transported to court.  This court will not issue such an order unless it is satisfied that: (a) the
17 prospective witness is willing to attend; and (b) the prospective witness has actual knowledge of
18 relevant facts.
19    A party intending to introduce the testimony of incarcerated witnesses who have agreed
20 voluntarily to attend the trial must serve and file concurrent with the pre-trial statement a written
21 motion for a court order requiring that such witnesses be brought to court at the time of trial.  The
22 motion must: (1) state the name, address, and prison identification number of each such witness; and
23 (2) be accompanied by declarations showing that each witness is willing to testify and that each
24 witness has actual knowledge of relevant facts.  The motion should be entitled "Motion for
25 Attendance of Incarcerated Witnesses."
26    The willingness of the prospective witness can be shown in one of two ways: (1) the party
27 himself can swear by declaration under penalty of perjury that the prospective witness has informed
28 the party that he or she is willing to testify voluntarily without being subpoenaed, in which

declaration the party must state when and where the prospective witness informed the party of this willingness; or (2) the party can serve and file a declaration, signed under penalty of perjury by the prospective witness, in which the witness states that he or she is willing to testify without being subpoenaed.

The prospective witness's actual knowledge of relevant facts can be shown in one of two ways: (1) if the party has actual firsthand knowledge that the prospective witness was an eyewitness or an ear-witness to the relevant facts (i.e., if an incident occurred in plaintiff's cell and, at the time, plaintiff saw that a cellmate was present and observed the incident, plaintiff may swear to the cellmate's ability to testify), the party himself can swear by declaration under penalty of perjury that the prospective witness has actual knowledge; or (2) the party can serve and file a declaration signed under penalty of perjury by the prospective witness in which the witness describes the relevant facts to which the prospective witness was an eye- or ear-witness. Whether the declaration is made by the party or by the prospective witness, it must be specific about the incident, when and where it occurred, who was present, and how the prospective witness happened to be in a position to see or to hear what occurred at the time it occurred.

The court will review and rule on the motion for attendance of incarcerated witnesses, specifying which prospective witnesses must be brought to court. Subsequently, the court will issue the order necessary to cause the witness's custodian to bring the witness to court.

**Motions for the attendance of incarcerated witnesses, if any, must be filed on or before August 1, 2008. Oppositions, if any, must be filed on or before August 15, 2008.**

2. <u>Procedures for Obtaining Attendance of Incarcerated Witnesses Who Refuse to Testify Voluntarily</u> - If a party seeks to obtain the attendance of incarcerated witnesses who refuse to testify voluntarily, the party should submit with his pre-trial statement a motion for the attendance of such witnesses. Such motion should be in the form described above. In addition, the party must indicate in the motion that the incarcerated witnesses are not willing to testify voluntarily.

3. <u>Procedures for Obtaining Attendance of Unincarcerated Witnesses Who Agree to Testify Voluntarily</u> - It is the responsibility of the party who has secured an unincarcerated

///

witness's voluntary attendance to notify the witness of the time and date of trial. No action need be sought or obtained from the court.

4. <u>Procedures for Obtaining Attendance of Unincarcerated Witnesses Who Refuse to Testify Voluntarily</u> - If a prospective witness is not incarcerated, and he or she refuses to testify voluntarily, the witness must be served with a subpoena. Fed. R. Civ. P. 45. In addition, the party seeking the witness's presence must tender an appropriate sum of money for the witness. <u>Id</u>. In the case of an unincarcerated witness, the appropriate sum of money is the daily witness fee of $40.00 plus the witness's travel expenses. 28 U.S.C. § 1821.

If plaintiff wishes to obtain the attendance of one or more unincarcerated witnesses who refuse to testify voluntarily, plaintiff must first notify the court in writing of the name and location of each unincarcerated witness. The court will calculate the travel expense for each unincarcerated witness and notify plaintiff of the amount(s). Plaintiff must then, for each witness, submit a money order made payable to the witness for the full amount of the witness's travel expenses plus the daily witness fee of $40.00. <u>The subpoena will not be served upon the unincarcerated witness by the United States Marshal unless the money order is tendered to the court</u>. Because no statute authorizes the use of public funds for these expenses in civil cases, the tendering of witness fees and travel expenses is required even if the party was granted leave to proceed in forma pauperis.

**If plaintiff wishes to have the Marshal serve any unincarcerated witnesses who refuse to testify voluntarily, plaintiff must submit the money orders to the court no later than August 1, 2008.** In order to ensure timely submission of the money orders, plaintiff should notify the court of the names and locations of his witnesses, in compliance with step one, as soon as possible.

The parties are advised that failure to file pre-trial statements as required by this order may result in the imposition of appropriate sanctions, which may include dismissal of the action or entry of default.

Finally, the court shall direct the Clerk's Office to provide the parties with consent/decline forms. Within thirty days from the date of service of this order, the parties shall inform the court whether they consent to or decline Magistrate Judge jurisdiction by filling out the forms and returning them to the court.

Accordingly, the court HEREBY ORDERS as follows:

1. This matter is set for telephonic trial confirmation hearing before the Honorable Dennis L. Beck on **August 29, 2008 at 11:00 a.m.** in Courtroom 9;

2. This matter is set for jury trial before the Honorable Lawrence J. O'Neill on **September 29, 2008, at 9:00 a.m.** in Courtroom 4;

3. Counsel for defendants is required to arrange for the participation of plaintiff in the telephonic trial confirmation hearing and to initiate the telephonic hearing at **(559) 499-5670**;

4. Plaintiff shall serve and file a pretrial statement as described in this order on or before **August 1, 2008**;

5. Defendants shall serve and file a pretrial statement as described in this order on or before **August 15, 2008**;

6. In addition to electronically filing their pretrial statement, defendants shall e-mail the pretrial statement to: dlborders@caed.uscourts.gov;

7. If plaintiff intends to call incarcerated witnesses at time of trial, plaintiff shall serve and file a motion for attendance of incarcerated witnesses as described in this order on or before **August 1, 2008**;

8. The opposition to the motion for the attendance of incarcerated witnesses, if any, shall be filed on or before **August 15, 2008**;

9. If plaintiff wishes to obtain the attendance of unincarcerated witnesses who refuse to testify voluntarily, plaintiff must submit the money orders, as described in subsection 4 of this order, to the court on or before **August 1, 2008**;

10. The Clerk's Office shall send the parties consent/decline forms;

11. Within **thirty (30) days** from the date of service of this order, the parties shall notify the court whether they consent to or decline Magistrate Judge jurisdiction by filling out the enclosed forms and returning them to the court; and

///

///

5

12. The Clerk's Office shall send plaintiff a copy of Local Rule 16-281.

IT IS SO ORDERED.

Dated: **April 2, 2008**        **/s/ Dennis L. Beck**
                                UNITED STATES MAGISTRATE JUDGE