# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILES O. BONTY | CASE NO. 1:04-cv-05511-DLB PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTIVE RELIEF |
| v. | |
| R INDERMILL, et al., | (Docs. 82) |
| Defendants. | |

Plaintiff Miles O. Bonty ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On October 1, 2007, plaintiff filed a motion for a temporary restraining order and for preliminary injunctive relief. (Doc. 82). Plaintiff requests that the court require Soukup, Bradley, Onchondo and Conway provide adequate, effective, and meaningful access to the Centinela State Prison law library, and that defendants Bradley, Onchondo and Conway be prevented from obstructing plaintiff's access to the courts.

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987).  Under either approach the plaintiff "must

1  demonstrate a significant threat of irreparable injury." Id.  Also, an injunction should not issue if the
2  plaintiff "shows no chance of success on the merits." Id.  At a bare minimum, the plaintiff "must
3  demonstrate a fair chance of success of the merits, or questions serious enough to require litigation."
4  Id.

5  Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must
6  have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103
7  S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and
8  State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d
9  1118, 1126 (9th Cir. 2006).  If the court does not have an actual case or controversy before it, it has
10 no power to hear the matter in question. Id.  "A federal court may issue an injunction *if* it has
11 personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may *not*
12 attempt to determine the rights of persons not before the court." Zepeda v. United States
13 Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added).

14 In this instance, plaintiff is currently housed at Salinas Valley State Prison and the orders
15 sought are aimed at remedying his conditions of confinement at Centinela State Prison, where
16 plaintiff was previously incarcerated.  It appears that the issues raised by plaintiff is his motion for
17 injunctive relief are now moot.  Further, the court does not jurisdiction in this action to issue the
18 orders sought, as the case or controversy requirement cannot be met in light of the fact that the issues
19 plaintiff seeks to remedy in his motion bear no relation to the past events giving rise to this suit, and
20 the individuals named in plaintiff's motion are not parties to this action. Zepeda, 753 F.2d at 727.

21 Therefore, plaintiff's motion for a temporary restraining order and preliminary injunctive
22 relief, filed October 1, 2007, is HEREBY DENIED.

23 IT IS SO ORDERED.

24 Dated:   **June 26, 2008**                    /s/ **Dennis L. Beck**
                                                  UNITED STATES MAGISTRATE JUDGE